UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAVEL FERRERA PARRA,

              Plaintiff,

-against-

THE UNITED STATES OF AMERICA., et al.,

              Defendants.

1:25-CV-2624 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Ravel Ferrera Parra, who appears *pro se* and proceeds *in forma pauperis* ("IFP") has filed an application for the court to request *pro bono* counsel (ECF 5), a "motion for judicial notice of systemic procedural suppression and false narratives" (ECF 7), and a "motion to preserve jurisdictional integrity and provide notice of coordinated parallel proceedings" (ECF 11). For the reasons set forth below, the Court denies all of these requests without prejudice.

This action is being reviewed pursuant to the screening requirements laid out in the IFP statute, 28 U.S.C. § 1915, that all IFP civil actions must be reviewed under, *see* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); under that statute "the district court must determine whether the action shall be dismissed (1) as frivolous or malicious, (2) for failure to state a claim, or (3) because the action seeks monetary relief from a defendant immune from such relief," *Staley v. Navy Fed. Credit Union*, No. 1:24-CV-8265 (LTS), 2025 WL 1685233, at *3 (S.D.N.Y. June 15, 2025) (citing § 1915(e)(2)(B)(i)-(iii)).

With respect to Plaintiff's application for the court to request *pro bono* counsel, the factors to be considered in ruling on an indigent litigant's request for counsel include the merits of his claims, his efforts to obtain a lawyer, and his ability to gather the facts and present his case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge*

*v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, merits consideration is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Furthermore, even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Because this action is still undergoing the abovementioned statutory review, it is too early to determine whether the Court should request *pro bono* counsel to represent Plaintiff in this action. Accordingly, the Court denies Plaintiff's application for the court to request *pro bono* counsel (ECF 5) without prejudice to Plaintiff's filing another such application at a later stage of the litigation.

With respect to Plaintiff's other pending motions (ECFs 7 and 11), they seek relief that the Court can consider granting only after the Court completes the abovementioned statutory review. Accordingly, the Court also denies these other pending motions without prejudice.

## CONCLUSION

The Court denies Plaintiff's application for the court to request *pro bono* counsel (ECF 5) without prejudice to Plaintiff's filing another such application at a later stage of the litigation. The Court also denies Plaintiff's other pending motions (ECFs 7 and 11) without prejudice.

The Court thus directs the Clerk of Court to terminate ECF 5, 7, and 11.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 30, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                  Chief United States District Judge

3