UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAVEL FERRERA PARRA, Plaintiff, -against- UNITED STATES OF AMERICA, et al., Defendants. | 1:25-CV-2624 (LLS) ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff Ravel Ferrera Parra, of South Bound Brook, New Jersey, appears *pro se*. He asserts claims for damages, injunctive relief, declaratory relief, and "judicial oversight and sanctions" (ECF 1, at 2), naming the following as defendants: (1) the United States of America; (2) the United States District Court for the Southern District of Texas; (3) the United States Court of Appeals for the Fifth Circuit; (4) Magistrate Judge Dena Hanovice Palermo, of the Southern District of Texas; (5) Judge Priscilla Richman, former Chief Judge and current Circuit Judge of the United States Court of Appeals for the Fifth Circuit; (6) Carol Felchak, Law Clerk of Magistrate Judge Palermo; (7) Christina Rachal, Deputy Clerk of Court of the Fifth Circuit; (8) Thomas B. Plunkett, Chief Deputy Clerk of Court of the Fifth Circuit; (9) Blair Robottom, Deputy Clerk of Court of the Fifth Circuit; (10) Lisa Eddins, a former Case Manager of the Southern District of Texas; (11) Amit Misra, Esq., an attorney; (12) Geno Quintero, of the United States Marshals Service ("USMS"), who is assigned to Houston, Texas; and (13) the USMS's Associate Director for Administration in Washington, D.C.

Plaintiff invokes the Court's federal-question jurisdiction, asserting claims under the Federal Tort Claims Act ("FTCA"), the Freedom of Information Act ("FOIA"), and the Americans with Disabilities Act of 1990 ("ADA"), as well as claims for *mandamus* relief under

28 U.S.C. § 1361 and claims for violations of his federal constitution rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Court also construes Plaintiff's complaint as asserting claims under state law.

By order dated April 4, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses this action, under 28 U.S.C. § 1406(a), because it has been brought in the wrong venue.

## DISCUSSION

### A. Applicable venue provisions

There are multiple venue provisions that apply to the claims raised in this action.

With respect to Plaintiff's claims under the FTCA, such claims must be brought in a federal district court for "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

Claims brought under FOIA must be brought in a federal district court for the judicial district in which "the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552(a)(4)(B).

As to claims brought against federal officers, in their official capacities, seeking *mandamus* relief under 28 U.S.C. § 1361, such claims must be brought in a federal district court for:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

The applicable venue provision for claims under *Bivens*, the ADA, and for any of the other claims that can be construed as raised in this action requires that such claims be brought in a federal district court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

**B. This court is not a proper venue for any of Plaintiff's claims**

**1. Claims under the FTCA**

Plaintiff resides in New Jersey, within the District of New Jersey, *see* 28 U.S.C. § 110 (the State of New Jersey constitutes one federal judicial district), not within this judicial district, and he asserts no facts supporting any allegation that any act or omission that is the basis for his claims under the FTCA occurred within this judicial district. Thus, under the venue provision for claims under the FTCA, 28 U.S.C. § 1402(b), this court is not a proper venue for such claims.

**2. Claims under FOIA**

As discussed above, Plaintiff does not reside within this judicial district. He has also alleged nothing suggesting that his principal place of business[1] is located within this judicial district or that the agency records at issue are situated within this judicial district.[2] Accordingly, this court is also not a proper venue for Plaintiff's claims under FOIA. *See* 5 U.S.C. § 552(a)(4)(B).

**3. Claims for *mandamus* relief under Section 1361**

The Court understands Plaintiff's claims for *mandamus* relief under Section 1361 as brought only against Quintero, a USMS official assigned to Houston, Texas, and against the USMS Associate Director for Administration in Washington, D.C, in their official capacities, because these Defendants are the only individual Defendants alleged to be employed by the federal government's executive branch. *See Liberation News Serv. v. Eastland*, 426 F.2d 1379, 1384 (2d Cir. 1970) ("[H]istory demonstrates to us that, in enacting [Section] 1361 . . . , Congress was thinking solely in terms of the executive branch . . . .").

While Plaintiff does not specify where these Defendants reside, he alleges nothing to suggest that they reside within this judicial district, and he seems to suggest that they reside in or around Houston, Texas, and in or around Washington, D.C., respectively. Plaintiff also alleges nothing to suggest that any of the events or omissions giving rise to his claims for *mandamus* relief under Section 1361 occurred within this judicial district; they seem to have occurred in or around Houston, Texas, and/or in or around Washington, D.C. In addition, while his claims for

[1] Plaintiff gives no indication, in either his complaint or in his IFP application, that he is employed or otherwise owns a business.

[2] Plaintiff seems to indicate that the documents at issue are located in either Washington, D.C., and/or in Houston, Texas. (*See* ECF 1, at 1, 4.).

*mandamus* relief under Section 1361 do not appear to involve real property, Plaintiff does not reside within this judicial district; he resides within the District of New Jersey. Thus, pursuant to the relevant venue provision, 28 U.S.C. § 1391(e)(1), this court is not a proper venue for Plaintiff's claims for *mandamus* relief under Section 1361.

**4. Claims under *Bivens*, the ADA, and Plaintiff's remaining construed claims**

Plaintiff alleges nothing to suggest that any of the Defendants named with respect to his claims under *Bivens*, the ADA, and his remaining construed claims reside within the State of New York, let alone, within this judicial district. He also alleges nothing to suggest that any of the events or omissions giving rise to such claims occurred within this judicial district, as opposed to within other judicial districts. Accordingly, pursuant to the relevant venue provision for Plaintiff's claims under *Bivens*, the ADA, and for his remaining construed claims, Section 1391(b), this court is additionally not a proper venue for such claims.

**C. This Court is a wrong venue for this action**

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." For the purposes of Section 1406(a), a federal district court "cannot be [a] wrong [venue] if it is one in which the case could have been brought under [the relevant venue provision]. . . . [A] wrong [federal] district [court] is therefore . . . [one] other than those . . . [courts] in which Congress has provided *by its venue statutes* that the action may be brought." *Atl. Marine Constr. Co., Inc. v. United States Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 58 (2013) (internal quotation marks and citation omitted). "Whether dismissal or transfer [under Section 1406(a)] is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1994).

Plaintiff's allegations in his complaint seem to indicate that Plaintiff is suing the Defendants—the federal government, specific federal courts, specific federal judges, specific federal-court clerks and other federal-court personnel, a private attorney, and USMS personnel—not for a meritorious reason, but because of his dissatisfaction with the events constituting, and because of the results of, his litigation in the United States District Court for the Southern District of Texas and in the United States Court of Appeals for the Fifth Circuit. (*See* ECF 1, at 1-2 ("Defendants engaged in a deliberate pattern of misconduct to obstruct Plaintiff's access to justice, manipulate court records, suppress evidence, and retaliate against Plaintiff for exercising his legal rights. . . . Plaintiff further alleges that Defendants acted in bad faith, engaged in ex parte communications, and willfully suppressed evidence necessary for a fair adjudication of Plaintiff's claims. . . . Plaintiff asserts that the suppression of evidence was not only a violation of Plaintiff's constitutional rights but also a clear example of systemic abuse within the judiciary. Defendants' misconduct, including the destruction of records, fraudulent concealment, and manipulation of judicial outcomes, demands immediate judicial intervention.").)

Thus, because Plaintiff alleges nothing to suggest that this court is a proper venue for any of his claims, and because of this Court's "skepticism of the merits" of this action, the Court dismisses this action, under Section 1406(a), as brought in the wrong venue. *Shteierman v. Fisher*, No. 7:24-CV-3978 (KMK), 2026 WL 867139, at *6 n.8 (S.D.N.Y. Mar. 27, 2026) ("Another reason to dismiss rather than transfer is this Court's skepticism of the merits."); *see Daniel v. Am. Bd. of Emer. Med.*, 428 F.3d 408, 436 (2d Cir. 2005) ("[C]ourts will not waste judicial resources by transferring a case that is clearly doomed[,]" so "[i]f a peek at the merits reveals that the case is a sure loser in the court that has jurisdiction (in the conventional sense) over it, then the court in which it is initially filed—the court that does not have jurisdiction—

should dismiss the case rather than waste the time of another court." (internal quotation marks and citations omitted)).

## CONCLUSION

The Court dismisses this action because it has been brought in the wrong venue. *See* 28 U.S.C. § 1406(a).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: July 8, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.